# Richard C. McMurtrie v. Mary M. Black, Administratrix, etc., of Edgar N. Black, deceased, Appellant.

*Mortgage—Scire facias—Payment—Evidence.*

On the trial of a scire facias sur mortgage executed by defendant's intestate, the defendant claimed that the mortgage had been paid by a large number of payments made from time to time. The only witness produced by defendant testified, however, that while such payments had been made they did not satisfy the mortgage as they had been properly apportioned among several mortgages executed by defendant's intestate. *Held,* that it was proper to give binding instructions for plaintiff.

*Mortgage—Scire facias—Equity,*

On a scire facias sur mortgage it is proper to exclude the record of an equity proceeding in another county wherein a decree was entered pro confesso on a bill which prayed for an accounting against the plaintiff in the sci. fa. and for a decree restraining him from proceeding on other mortgages.

Argued Jan. 12, 1897. Appeal, No. 427, Jan. Term, 1896, by plaintiff, from judgment of C. P. No. 1, Phila. Co.. March Term, 1894, No. 686, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Scire facias sur mortgage. Before BIDDLE, J.

At the trial defendant claimed that the mortgage had been paid, and offered in evidence many receipts and checks. The only witness called by defendant was John Rodgers, who had been a clerk in the office of Richard C. McMurtrie, and who produced books and testified that the payments had been made on account of two or three mortgages, and had been properly apportioned among them. The defendant also offered in evidence the record of an equity proceeding in Delaware county for an account, in which Mary M. Black, administratrix of Edgar N. Black, is the plaintiff, and the trustees of Bohlen's estate are the defendants; also joined by the executrix of Richard C. McMurtrie, for an accounting of the interest moneys' and the principal of the mortgages, and to show that in that proceeding a judgment was entered pro confesso. . The offer was objected to, objection sustained and bill sealed for defendant. [3]

The court charged as follows:

There is no evidence at all here—the other side have very properly examined into this case to see if they could find anything which would justify you in allowing the defendant more credits than the plaintiff allowed, but Mr. Rodgers, a gentleman of high character, has testified and brought his books, and shown that entry that he has made and all the sums which were paid were appropriated to these different mortgages. It seems there was not only one mortgage, but two or three mortgages, and the amounts that were paid according to his books were apportioned among those mortgages. I cannot see that there is any defense in this case, therefore your verdict ought to be for the amount that is due.

Verdict and judgment for plaintiff for $17,820. Defendant appealed.

*Errors assigned* among others were (3) ruling on evidence, but not quoting the bill of exceptions; (5) above instructions, but not quoting them.

*Francis Tracy Tobin*, with him *Wm. A. Manderson*, for appellant.

*Arthur Biddle*, with him *Francis H. Bohlen* and *Biddle & Ward*, for appellee.

PER CURIAM, January 25, 1897:

We are not convinced that there is any error in this record, nor do we think that any of the specifications requires discussion. The assignments of error are therefore overruled and the judgment is affirmed.